UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                                                    CASE NO: 2:16-cr-81-FtM-UACM

JERRY BROWDY

### ORDER

This matter comes before the Court upon review of Defendant Jerry Browdy's Objection and Appeal of Honorable Magistrate Judge Carol Mirando's Order of Detainment and Denial of Bond Pending Trial (Doc. 126) filed on March 14, 2017. The United States of America filed a Response in Opposition to Defendant's Appeal on March 28, 2017. (Doc. 127). This matter is ripe for review.

### BACKGROUND

On July 6, 2016, a federal grand jury issued a one count indictment against Browdy and his Co-Defendants. Browdy was charged with knowingly and willfully combining and conspiring to possess and distribute 500 or more grams of methamphetamines in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A)(viii).

On March 7, 2017, United States Magistrate Judge Carol Mirando held a detention hearing . (Doc. 121). In her decision to detain Browdy, Judge Mirando relied on the Government's proffer, which included that Browdy wished to return to the residence he was living at during his allegedly unlawful activities, Browdy's prior criminal history and similar offenses, Browdy's prior probation violations, and his previous failures to appear during the adjudication of same. Judge Mirando also heard argument from the Defense. (Doc. 122 at 2).

## STANDARD

When requested, the district court must promptly undertake an evaluation of the propriety of a magistrate judge's pre-trial detention order. *United States v. Garcia–Enriquez*, No. 2:15–CR–95–FTM–38MRM, 2015 WL 5159129, *2 (M.D.Fla. Sept. 2, 2015); U.S. v. Arevalo, 2013 WL 625041, *2 (M.D.Fla. February 19, 2013) (citing *U.S. v. King*, 849 F.2d 485 (11th Cir.1988)). A district court reviews de novo a magistrate judge's pre-trial release order. *U.S. v. Megahed*, 519 F.Supp.2d 1236, 1241–1242 (M.D.Fla.2007) (citing *U.S. v. Hurtado*, 779 F.2d 1467, 1481 (11th Cir.1985)). Review by the district court contemplates an "independent consideration of all facts properly before it," *Megahed*, 519 F.Supp.2d at 1241 (citing *U.S. v. Gaviria*, 828 F. 2d 667, 670 (11th Cir. 1987) (citing *Hurtado*, 779 F.2d at 1480–81)). If the district court concludes after a careful review the magistrate judge's findings of facts based on both the parties' papers and the evidence presented at the detention hearing, and the magistrate judge correctly applied the law, "[t]he court may then explicitly adopt the magistrate's pre-trial [release] order." *U.S. v. King*, 849 F.2d 485, 490 (11th Cir.1988). However, if necessary to the resolution of an essential issue of fact, the district court may marshal further evidence by convening a hearing. *Megahed*, 519 F.Supp.2d at 1242.

## DISCUSSION

Browdy objects to Judge Mirando's Detention Order arguing that the Government failed to meet its burden to demonstrate that Browdy was a flight risk and a danger to the community. The Bail Reform Act of 1984 permits a district court to grant or deny detention to a defendant after indictment pending trial. *See* 18 U.S.C. § 3142. After conducting a detention hearing under 18 U.S.C. § 3142(f), a judicial officer must consider a number of

2

factors to determine whether "any condition or combination of conditions . . . will reasonably assure the appearance of such person as required and the safety of any other person and the community.[1]

There is a rebuttable presumption of risk of flight or danger to the community when a defendant has been indicted for certain crimes. *Id*. at § 3142(e)(3). Specifically, when a defendant is indicted for an offense punishable by more than 10 years imprisonment pursuant to the Controlled Substances Act, there is a presumption that no condition of release will reasonably assure the appearance of the defendant and the safety of the community. *Id*. at § 3142(e)(3)(A). A grand jury indictment triggers this statutory presumption. See *United States v. Hurtado*, 779 F.2d 1467, 1479 (11th Cir.1985).

Once the statutory presumption is raised, the defendant has the burden of production at the detention hearing "to suggest that he . . . [is] either not dangerous or not likely to flee if turned loose on bail." *United States v. Quartermaine*, 913 F.2d 910, 916 (11th Cir.1990). "Even if [a defendant's] evidence is sufficient to rebut the statutory presumption, the presumption remains in the case as an evidentiary finding militating

---

[1] " When weighing the merits of release, the judicial officer may consider a number of factors, including
(1)  the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
(2)  the weight of the evidence against the person;
(3)  the history and characteristics of the person, including-
    (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
    (B)  whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
(4)  the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c) (1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.  18 U.S.C. § 3142(g).

against release, to be weighed along with other evidence relative to factors listed in section 3142(g)." *Id.* (internal punctuation omitted). In this sense, the Government retains the burden of persuasion to show by a preponderance of the evidence that the defendant's presence cannot be reasonably assured by a conditional release or to present clear and convincing evidence that the defendant is a danger to the community. *See Id.* at 917.

Browdy argues that in denying pretrial release, Judge Mirando did not consider that he voluntarily surrendered himself upon being advised of the charges, that his criminal history is composed of only three cases that occurred several years prior, that he has no other sentence pending, and that the Government has requested two trial continuances whereas he has announced ready in both instances. Moreover, Browdy argues that while he may have failed to appear for previous charges, he did not flee the jurisdiction, and that he is not a flight risk now. Finally, he argues that the Government introduced no evidence to show that he was a danger to the community.

As an initial matter, because Browdy was indicted for an offense punishable by a term of imprisonment lasting more than ten (10) years under the Controlled Substances Act, a rebuttable presumption applies against the existence of conditions that will reasonably assure Browdy's appearance, and the safety of the community. For the reasons stated below, Browdy has not overcome the presumption on either risk of flight or danger to the community.

Upon consideration of the record, the Court finds that the Government established by a preponderance of the evidence that Browdy is a flight risk. It is notable that Browdy has a prior criminal history, including both probation violations and failures to appear.

Simply because Browdy did not flee the jurisdiction in the past offers no reassurances of appearance.

The Court also finds that pretrial detention is merited because Browdy poses a danger to the community.[2] Of note, Browdy has a criminal history including similar activity to that with which he is charged here, and that he has expressed intent to return to the residence at which he was living during the activities underlying the instant charge. Browdy's previous activities and those for which he is charged here, have been a detriment to the community. It is important to note that in the past Browdy has violated probationary terms that required him to cease criminal activities. And through the presentation of Browdy's previous activities and those with which he is charged here, the Government has presented clear and convincing evidence that no condition or combination of conditions will reasonably assure that Browdy will not pose a danger to the community should he be released.

Accordingly, it is now

**ORDERED:**

Defendant Jerry Browdy's Objections and Appeal of the Order of Detainment and Denial of Bond (Doc. 126) is **DENIED**.

---

[2] The Eleventh Circuit has utilized the Senate Judiciary Committee's report regarding the Bail Reform Act of 1984 to discern what exactly was meant by the word "danger." *United States v. King, 849 F.2d 485, 487 n. 2 (11th Cir. 1988)*. The report stated that [t]he concept of defendant dangerousness is described throughout this chapter by the term 'safety of any other person or the community.' The reference to safety of any other person is intended to cover the situation in which the safety of a particular identifiable individual, perhaps a victim or witness, is of concern, while the language referring to the safety of the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community. The Committee intends that the concern about safety be given a broader construction than merely danger of harm involving physical violence. Report of the Senate Committee on the Judiciary, S.Rep. No. 98–225, 98th Cong., 2d Sess. (1984) U.S. Code Cong. & Admin. News 3182, 3195–96.

**DONE AND ORDERED** at Fort Myers, Florida, this 3rd day of April, 2017.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  Counsel of Record