UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.  CASE NO: 2:16-cr-81-FtM-38CM

JERRY BROWDY

## **ORDER**[1]

This matter comes before the Court on Jerry Browdy's Motion for Judgment of Acquittal or Motion for New Trial (Doc. 412) filed on November 3, 2017. The Government filed a Response in Opposition (Doc. 426) on November 20, 2017. This matter is ripe for review.

After a seven-day jury trial, Browdy and two other co-conspirators were found guilty of conspiracy with intent to distribute methamphetamine. (Doc. 350). Now, Browdy moves for a judgment of acquittal under Rule 29 and a new trial under Rule 33. The Government opposes Browdy's Motion on all fronts. After careful review, the Court denies Browdy's Motion.

Under Rule 29, "[i]f the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal." Fed. R. Crim. P. 29(c). When deciding a motion for judgment of acquittal, the Court must view the evidence in the light most favorable to the

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

government, and determine whether a reasonable jury could have found a defendant guilty beyond a reasonable doubt. U.S. v. Miranda, 425 F.3d 953, 959 (11th Cir. 2005). "A jury's verdict cannot be overturned if any reasonable construction of the evidence would have allowed the jury to find the defendant guilty beyond a reasonable doubt." U.S. v. Friske, 640 F.3d 1288, 1291 (11th Cir. 2011) (quoting U.S. v. Herrera, 931 F.2d 761, 762 (11th Cir. 1991)). Against that backdrop, the Court continues to find that a reasonable jury could have found Browdy guilty beyond a reasonable doubt and that all elements of the conspiracy were established.

Browdy also argues that his Motion must be granted because the Court failed to declare a mistrial after a witness testified to a co-conspirator's incarceration.[2] After additional review, the Court affirms its ruling that a mistrial was not warranted. In addition, the Court notes that Browdy's counsel did not request a curative instruction at trial even after it was offered. (Doc. 390 at 22-2-4).

Turning to Browdy's arguments for a new trial under Rule 33, the Court denies that request. Browdy argues that evidentiary errors and the interest of justice require the Court to grant his Motion. "[T]he court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). A district court may weigh the evidence and consider the credibility of witnesses when evaluating a motion for new trial. Butcher v. U.S., 368 F.3d 1290, 1297 (11th Cir. 2004). To grant a motion for new trial, "evidence must preponderate heavily against the verdict, such that it would be a

---

[2] The relevant testimony pertained to Brown Laster, Jr.'s incarceration. After the Court denied the ore tenus motion for mistrial, counsel for Brown Laster, Jr. stated that he did not want a curative instruction, and counsel for Jerry Browdy did not affirmatively request a curative instruction. (Doc. 390 at 22-2-4).

miscarriage of justice to let the verdict stand." *Id.* Under that standard, the Court finds that the evidence is not against the verdict.

Further, the Court finds Browdy's assertions regarding the alleged evidentiary errors unpersuasive. "To challenge a jury verdict on the basis of an erroneous evidentiary ruling by the district court, the challenger must preserve his objection, demonstrate an abuse of discretion by the district court, and show that that the error affected his substantial rights." *U.S. v. Rodriguez*, 259 Fed. Appx. 270, 276 (11th Cir. 2007)(unpublished). "An error affects the defendant's substantial rights if it probably had a substantial influence on the jury's verdict." *Id.* Here, Browdy has not established that this Court committed error with its trial rulings. But even if the Court accepted Browdy's arguments regarding the evidentiary rulings, the Court still finds that the rulings did not impact Browdy's substantial rights. Accordingly, Browdy's Motion is denied.

Accordingly, it is now **ORDERED:**

Defendant Jerry Browdy's Motion for Judgment of Acquittal or in the Alternative Motion for New Trial (Doc. 412) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this November 30, 2017.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record